NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KATHERINE L. FLEMING,**
*Petitioner*

**v.**

**DEPARTMENT OF THE INTERIOR,**
*Respondent*

_____

2016-1247

_____

Petition for review of the Merit Systems Protection Board in No. AT-1221-11-0460-B-2.

_____

Decided: May 9, 2016

_____

KATHERINE L. FLEMING, Homestead, FL, pro se.

ROBERT NORWAY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ALLISON KIDD-MILLER, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

_____

Before LOURIE, PLAGER, and STOLL, *Circuit Judges.*

PER CURIAM.

Katherine L. Fleming petitions for review of the Merit System Protection Board's ("Board") decision denying her request for corrective action in an individual right of action ("IRA") appeal. We affirm.

BACKGROUND

The National Park Service, a component of the Department of the Interior, employed Fleming as a Museum Curator at Everglades National Park. Fleming was appointed for a term that began on September 18, 2005 and was not to exceed October 17, 2006. The term could be extended up to four years, subject to completion of a one-year trial period. In June 2006, before the end of her one-year trial period, Fleming was terminated due to unsatisfactory conduct and performance.

A lengthy procedural history eventually followed. In an IRA appeal, Fleming alleged that her termination was in retaliation for various disclosures that constituted protected whistleblowing activity. In one of those disclosures, Fleming informed the eventual deciding official that she was improperly exposed to hazardous chemicals while performing emergency stabilization of cannons at the Dry Tortugas National Park.

An administrative judge ("AJ") dismissed Fleming's appeal for lack of jurisdiction after determining there was no protected disclosure. On review, the Board vacated the AJ's decision because the Dry Tortugas disclosure could have been a contributing factor to Fleming's termination. In that relevant disclosure, Fleming had informed the eventual deciding official that she was improperly exposed to hazardous chemicals at work.

On remand, the AJ denied Fleming's request for corrective action. The AJ found that Fleming failed to prove that she made a protected disclosure, because her Dry Tortugas disclosure revealed information that the decid-

ing official already knew. The AJ also found that even assuming the disclosure was protected and was a contributing factor to Fleming's termination, the agency proved by clear and convincing evidence that it would have terminated Fleming in the absence of the disclosure.

On review, the Board determined that Fleming's disclosure was protected even though it revealed information that was already known to the deciding official. The Board also determined that the AJ's analysis of the purportedly clear and convincing evidence did not comply with the standard described in *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012). Specifically, the Board found that the AJ was required to consider Fleming's evidence and arguments that her supervisor's assertions about her performance and conduct were unreasonable. The Board found that the AJ also was required to consider any other evidence that detracted from the agency's claim that it terminated Fleming based only on her performance (and not in retaliation). The Board remanded for the AJ to reconsider the record as a whole and make thoroughly-reasoned findings addressing the evidence supporting his conclusions and the countervailing evidence.

On remand, the AJ denied Fleming's request for corrective action. The AJ found that Fleming made a protected disclosure and that this disclosure was a contributing factor to her termination. However, the AJ found that the agency demonstrated by clear and convincing evidence that it would have taken the same termination action in the absence of the disclosure. The AJ made this determination on the basis of the three factors listed in *Carr v. Social Sec. Admn.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999) ((1) "the strength of the agency's evidence in support of its personnel action"; (2) "the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision"; and (3) "any evidence that the agency takes similar actions

against employees who are not whistleblowers but who are otherwise similarly situated").

Fleming petitioned for review of the AJ's decision. On review, the Board modified the AJ's decision because the AJ erred by taking an overly restrictive view of the second *Carr* factor. However, the Board otherwise affirmed the AJ's decision. With respect to the first *Carr* factor, the Board determined that the evidence supporting Fleming's termination was "very strong." With respect to the second *Carr* factor, the Board determined that there may have been some motive to retaliate against Fleming. The third *Carr* factor was not at issue. As a result, the Board weighed the first and second factors, and agreed with the AJ that the agency had met its burden of showing by clear and convincing evidence that it would have terminated Fleming absent her disclosure.

Fleming petitions this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

We review procedural matters relative to discovery and evidentiary issues for abuse of discretion; such matters fall within the Board's sound discretion. *Curtin v. Office of Personnel Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir.

1988). Credibility determinations by the Board are "virtually unreviewable." *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986).

The Board's decision was supported by substantial evidence. The reasons for Fleming's removal were supported by evidence from the deciding official, Fleming's supervisor, and two National Park Service archivists. It is possible that a fact-finder could review the evidence and come to a conclusion that supported Fleming's characterization of her conduct and performance. However, the possibility of drawing two inconsistent conclusions from the evidence does not preclude the Board's finding from being supported by substantial evidence. *See Matsushita Elec. Indus. Co.*, 750 F.2d at 933. Moreover, "[t]he standard is not what [we] would decide in a *de novo* appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." *Parker v. United States Postal Serv.*, 819 F.2d 1113, 1115 (Fed. Cir. 1987). In sum, we find no basis for disturbing the Board's decision.

Fleming disagrees. She reviews the evidence, challenges various credibility determinations, and suggests an alternative narrative in which (1) she did not exhibit performance or conduct problems, (2) she was improperly evaluated, and (3) her supervisor—not Fleming—exhibited problematic behavior.

Again, there may be evidence supporting and militating against Fleming's assertions, but we "are not in a position to re-evaluate these credibility determinations, which are not inherently improbable or discredited by undisputed fact." *See Pope v. United States Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997). Indeed, such determinations are "virtually unreviewable" on appeal. *See Hambsch*, 796 F.2d at 436. Although Fleming reviews the evidence in detail, we repeat that "[t]he standard is not what [we] would decide in a *de novo* appraisal, but wheth-

er the administrative determination is supported by substantial evidence on the record as a whole." *Parker*, 819 F.2d at 1115. Contrary to Fleming's arguments, the Board's decision was supported by substantial evidence.

Fleming also argues that certain evidence constituted hearsay and that various witnesses improperly relied on hearsay evidence. However, "it has long been settled that [hearsay] may be used in administrative proceedings and may be treated as substantial evidence, even without corroboration, if, to a reasonable mind, the circumstances are such as to lend it credence." *Hayes*, 727 F.2d at 1538. Moreover, "procedural matters such as the admissibility of evidence, including hearsay, fall within the sound discretion of the Board and its AJs." *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1364 (Fed. Cir. 1998). There has been no error in this regard.

Fleming also has concerns about the absence of certain evidence, such as receipts and purchase orders documenting what chemicals were used during the incident that formed the basis of Fleming's protected disclosure. Fleming observes that "the Federal Circuit has held that even merely negligent destruction of relevant evidence merits adverse inferences, and the Board's failure to impose them is an abuse of discretion." Pet. Br. at 30 (citing *Kirkendall v. Dep't of the* Army, 573 F.3d 1318, 1327 (Fed. Cir. 2009)). She suggests that the "absence of these documents should be of great concern since we can only speculate about what other documents might have been withheld or missing." Pet. Br. at 30.

We decline to engage in such speculation. In *Kirkendall*, we found that the Board abused its discretion because it had departed from its longstanding practice of drawing such inferences, if the relevance of the destroyed documents was "beyond doubt." *See Kirkendall*, 573 F.3d at 1327. In this instance, it is not clear that any documents were destroyed. Moreover, to prevail, Fleming

must prove that the error caused substantial harm or prejudice to her rights that could have affected the outcome of the case. *See Curtin*, 846 F.2d at 1379. Fleming has not met this burden, and there was no abuse of discretion in the Board's handling of procedural matters concerning discovery. *See id.* at 1378.

We have considered Fleming's other arguments and find them unpersuasive. The Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed. For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

No costs.