# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHERINE L. FLEMING,
       Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
      Agency.

DOCKET NUMBER
AT-1221-11-0460-B-3

DATE: February 10, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Katherine L. Fleming</u>, Homestead, Florida, pro se.

<u>Vicki V. Mott</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the remand initial decision contains erroneous findings of material fact; the remand initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the remand initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective September 18, 2005, the agency appointed the appellant to a GS-11 Museum Curator position with the agency's National Park Service, Everglades National Park (Everglades), for a term not to exceed October 17, 2006, subject to her completion of a 1-year trial period. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-W-1, Initial Appeal File (IAF), Tab 5, Subtab 4A. Effective June 24, 2006, the agency terminated the appellant for unacceptable behavior and unsatisfactory performance. *Id.*, Subtabs 4B, 4C. After exhausting her remedies with the Office of Special Counsel, the appellant filed an IRA appeal and requested a hearing, alleging that her termination was in retaliation for protected whistleblowing activity. IAF, Tab 1. In support of her appeal, the appellant identified 15 disclosures, including her statement in a February 6, 2006 memorandum to her second-level supervisor (who also was the deciding official in the termination action) that she and a coworker had been exposed to toxic chemicals in October 2005 while painting

cannons at the Dry Tortugas National Park (Dry Tortugas) and that she had suffered injuries.  IAF, Tab 13, Tab 15, Subtab O.

¶3      Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant's alleged disclosures either were not protected or could not have been a contributing factor to the personnel action.  IAF, Tab 16, Initial Decision.  The Board vacated the initial decision, finding that the appellant had nonfrivolously alleged that her February 6, 2006 disclosure was protected and was a contributing factor to her termination under the "knowledge/timing" test, thus establishing Board jurisdiction.  The Board therefore  remanded the appeal for a hearing.  *Fleming v. Department of the Interior*, MSPB No. AT-1221-11-0460-W-1, Remand Order at 8-12 (Aug. 3, 2012); *see Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011) (stating that once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim).

¶4      Following a hearing on remand, the administrative judge denied the appellant's request for corrective action, finding that the appellant's February 6, 2006 disclosure was not protected because it revealed information that the deciding official already knew.  *Fleming v. Department of the Interior*, MSPB No. AT-1221-11-0460-B-1, Remand File (B-1 RF), Tab 16, Remand Initial Decision (B-1 RID) at 4.  The administrative judge also found that, even assuming that the disclosure was protected and was a contributing factor to the appellant's termination, the appellant was not entitled to corrective action because the agency proved by clear and convincing evidence that it would have terminated the appellant during her probationary period even in the absence of the disclosure.  B-1 RID at 4-6.

¶5      After the appellant challenged the administrative judge's decision, the Board vacated the remand initial decision, finding that, based upon the Whistleblower Protection Enhancement Act of 2012, the appellant's February 6, 2006 disclosure was protected even though it revealed information that the

deciding official already knew. *Fleming v. Department of the Interior*, MSPB No. AT-1221-11-0460-B-1, Remand Order at 1, 4 (July 7, 2014) (B-1 Remand Order). The Board also found that, in analyzing whether the agency met its clear and convincing burden, the administrative judge improperly failed to evaluate the appellant's evidence and arguments that her supervisor's assertions about her performance and conduct were unreasonable, as well as any other evidence that detracted from the agency's claim that it terminated the appellant based only on her performance. *Id.* at 6-7 (citing *Whitmore v. Department of Labor*, [680 F.3d 1353](#), 1368 (Fed. Cir. 2012) (holding that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion")). Accordingly, the Board remanded the appeal again for a new determination as to whether the agency proved by clear and convincing evidence that it would have terminated the appellant even in the absence of her protected whistleblowing activity. B-1 Remand Order at 6-7.

¶6    Following another hearing on remand, the administrative judge denied the appellant's request for corrective action. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-B-2, Remand File, Tab 11, Remand Initial Decision (B-2 RID) at 1-2, 7. The administrative judge found that the appellant showed that she made a protected disclosure and that her protected disclosure was a contributing factor to her termination under the knowledge/timing test. B-2 RID at 3. The administrative judge further found, however, that the agency showed by clear and convincing evidence that it would have taken the same personnel action even in the absence of whistleblowing. B-2 RID at 3-7.

¶7    The Board agreed with the administrative judge that the agency had met its clear and convincing burden and denied the appellant's petition for review by final order. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-B-2, Final Order at 2, 11 (Sept. 22, 2015). The appellant filed a petition for judicial review of the Board's decision with the U.S. Court of Appeals for the

Federal Circuit. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-L-1, Litigation File (LF), Tab 2. The Federal Circuit affirmed the Board's final decision in a nonprecedential opinion issued on May 9, 2016. *Fleming v. Department of the Interior*, 646 F. App'x 994 (Fed. Cir. 2016); LF, Tab 6.

¶8 On July 15, 2016, the appellant obtained an audio recording of the second hearing in her Board appeal, which captured a conversation between the administrative judge and the court reporter during a pause in the hearing. LF, Tab 8. Based on this conversation, in which the administrative judge expressed his views on the strength of the appellant's case, the appellant filed a motion with the court requesting that it rescind its May 9, 2016 decision and reopen her case. *Id.*, Exhibit 5. On August 11, 2016, the Board filed a motion asking the court to vacate its May 9, 2016 decision and remand the case to the Board for further proceedings on the basis that the discussion between the administrative judge and the court reporter could give the appearance of bias on the administrative judge's part. LF, Tab 9 at 6. The court granted the Board's motion. *Fleming v. Department of the Interior*, No. 2016-1247, slip op. (Fed. Cir. Aug. 30, 2016); LF, Tab 11. On remand, the Board vacated its September 22, 2015 Final Order in MSPB Docket No. AT-1221-11-0460-B-2 and remanded the case to a different administrative judge in a different Board regional office for adjudication. *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-M-1, Remand Order (Nov. 23, 2016); *Fleming v. Department of the Interior*, MSPB Docket No. AT-1221-11-0460-B-3, Remand File (B-3 RF), Tab 1.

¶9 During a prehearing conference on remand, the appellant stated that she did not want an additional hearing. B-3 RF, Tab 10, Remand Initial Decision (B-3 RID) at 2. Based on the written record, the administrative judge denied the appellant's request for corrective action, finding that the agency proved by clear and convincing evidence that it would have terminated the appellant absent her protected disclosure. B-3 RID at 14-15. The appellant has filed a petition for

review.  Remand Petition for Review (RPFR) File, Tab 1.  The agency has not responded.[2]

## ANALYSIS

¶10      In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider all of the relevant factors, including the following ("*Carr* factors"):  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see also Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[3]  The Board does not view

---

[2] About 4.5 years after the submission of her petition for review, the appellant has filed what she titles a "Motion for leave to amend and supplement Petition for Review." RPFR File, Tab 4.  In this motion, the appellant appears to reassert that the prior administrative judge showed bias when he was overheard discussing the strength of the appellant's case with a court reporter; therefore, she argues that the Board should not give deference to his credibility findings.  *Id*. at 5-7.  She also asserts that she has amended and supplemental information demonstrating that the administrative judge improperly evaluated the credibility of the witnesses and improperly weighed the evidence that detracted from the agency's claim that it terminated her based only on her performance in violation of the requirements of *Whitmore*, 680 F.3d at 1368.  *Id*. at 7-8.  Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material and was not readily available before the record closed.  *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 4 n.4; 5 C.F.R. § 1201.114(k).  The appellant's concerns about the prior administrative judge's alleged bias, credibility findings, and improper weighing of the evidence were already addressed in the Board's previous remand orders and resulted in the Board remanding the case to a different administrative judge in a different office for adjudication.  *See* B-1 Remand Order at 6-7; B-3 RF, Tab 1.  Thus, the information the appellant provides is not new and concerns matters already addressed and resolved by the Board. Accordingly, we deny the appellant's motion.

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues.  However, pursuant to the All Circuit Review Act (Pub. L. No. 115-195), appellants may file petitions for

the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *See Mithen v. Department of Veterans Affairs*, [122 M.S.P.R. 489](), ¶ 36 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016).

The strength of the agency's evidence in support of the appellant's termination.

¶11        Regarding the first *Carr* factor, the administrative judge reviewed the relevant documentary evidence and hearing testimony, and determined that there was strong evidence of the appellant's conduct and performance deficiencies. B-3 RID at 14. In making this determination, the administrative judge noted that the appellant's immediate supervisor testified in both hearings that the appellant's misconduct began shortly after she was hired, and the deciding official corroborated the supervisor's testimony that she first approached him with her concerns about the appellant's conduct at that time. B-3 RID at 5. The appellant's supervisor also described the appellant's misconduct in great detail in a January 13, 2006[4] memorandum to the deciding official proposing the appellant's termination, and in a January 26, 2006 memorandum to the appellant proposing to suspend her for 3 days for failure to follow supervisory instructions.[5] IAF, Tab 15, Subtabs 4L, 4N. In her January 13, 2006 memorandum, the

---

judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* [5 U.S.C. § 7703](b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

[4] Due to an apparent typographical error, the memorandum is incorrectly dated January 13, 2005. IAF, Tab 15, Subtab 4L.

[5] As explained in the remand initial decision, after consulting with the agency's Human Resources department, the deciding official determined that termination was too drastic and advised the appellant's supervisor to propose suspending the appellant for her misconduct, in the hopes of correcting it. B-3 RID at 6. Accordingly, the appellant's supervisor proposed a 3-day suspension, which the deciding official mitigated to a 2-day suspension by letter dated April 26, 2006, after considering the appellant's written and oral replies. IAF, Tab 15, Subtabs 4N, 4O, 4S.

appellant's supervisor stated that the appellant was insubordinate, failed to follow instructions, listened selectively, and ignored requests for information. *Id.*, Subtab L at 1. She also asserted that the situation had become "untenable" and that the appellant's presence was counterproductive to the museum program. *Id.* at 1-2. In her January 26, 2006 memorandum, the appellant's supervisor cited numerous examples of the appellant's alleged misconduct, including the appellant's failure to provide her supervisor information for the appellant's performance plan, her failure to come to the supervisor's office when requested, and her failure to use the format for an inventory project that her supervisor had requested. IAF, Tab 15, Subtab 4N.

¶12    Moreover, the record shows that the appellant's misconduct continued even after the agency notified her of its decision to suspend her for it. As noted by the administrative judge, both the appellant's supervisor and the deciding official testified that, after the agency issued the 2-day suspension, her supervisor notified the deciding official that the appellant continued to exhibit conduct and performance issues, including an apparent inability to make adequate progress on a project to reduce an archival backlog. B-3 RID at 8.

¶13    In addition, the appellant's supervisor's concerns about the appellant's conduct and performance were shared by an experienced archivist from another National Park, who reviewed the appellant's work at the deciding official's request. B-3 RID at 8. Following a 5-day site visit to Everglades in May 2006, the archivist provided an assessment of the appellant's conduct and performance in reports issued on May 31 and June 8, 2006. IAF, Tab 5, Subtab 4F at 3-4; B-1 RF, Tab 7, Subtab 13 at 12-16. In her June 8 report, the archivist stated that the appellant "seem[ed] to want to work in a vacuum" and was resistant to taking direction and imparting information. IAF, Tab 5, Subtab 4F at 3-4. The archivist also expressed concern that the Everglades might lose funding due to the appellant's slow rate of progress on the archival project. *Id.* at 4.

¶14    In analyzing the strength of the agency's evidence in support of the appellant's termination, the administrative judge also properly considered the appellant's arguments, which she reiterates on review, that her conduct and performance were satisfactory and that any problems with her conduct or performance are attributable to the stress of working in the hostile environment that her supervisor created. B-3 RID at 12-13; RPFR File, Tab 1 at 10-11, 19, 22, 24-27. The administrative judge rejected this argument, finding that the deciding official had strong reasons to credit the supervisor's account of the appellant's conduct and performance problems and their potential impact on the agency's mission, especially after her account was closely corroborated in key respects by an independent archivist. B-3 RID at 13.

¶15    The appellant challenges this finding on review and argues that the archivist's evaluation was not an independent assessment of her work. RPFR File, Tab 1 at 25. The appellant alleges that the archivist was apparently someone her supervisor knew and that the agency asked the archivist to review the appellant's performance as part of a continuing effort to intimidate her and collect negative evidence to terminate her. *Id.* The appellant offers no evidence to support these bare allegations, and we find that the archivist's reports strongly support the agency's decision to terminate the appellant.

¶16    Based on our review of the record, we agree with the administrative judge that the evidence in support of the agency's decision to terminate the appellant was strong. B-2 RID at 14. The record shows that the appellant's conduct issues began shortly after she was hired and continued unabated throughout her 9-month tenure with the agency. These deficiencies are set forth in great detail in the appellant's supervisor's memoranda of January 13 and 26, 2006, the archivist's reports of May 31 and June 8, 2006, and the deciding official's June 12, 2006 letter notifying the appellant of his decision to terminate her. IAF, Tab 5, Subtabs 4B, 4L, 4N; B-1 RF, Tab 7, Subtab 13 at 12-16. Moreover, as noted in the remand initial decision, during both hearings, the appellant's supervisor and

the deciding official confirmed the statements in the decision letter describing the appellant's ongoing conduct and performance issues, and they consistently testified that these issues were the sole reason for her termination. B-3 RID at 12. While the appellant clearly disagrees with the administrative judge's assessment of the strength of the evidence in support of her termination, she has shown no reason to overturn his well-reasoned findings.

The existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision.

¶17 Regarding the second *Carr* factor, we have found that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures . . . as the criticism reflects on them in their capacities as managers and employees." *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 65 (quoting *Whitmore*, 680 F.3d at 1370); *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 28-29 (same). The administrative judge recognized that, given their role as representatives of the agency's general institutional interests, the appellant's supervisor and the deciding official may have had a motive to retaliate against the appellant. B-3 RID at 14. The administrative judge found, however, that the record did not contain any affirmative evidence that these officials had a motive to retaliate. *Id.* We agree that, while these agency officials may have had some motive to retaliate, the record does not reflect that any such motive was strong. In particular, the administrative judge found that neither the appellant's supervisor nor the deciding official was implicated in the appellant's disclosure of alleged safety violations at Dry Tortugas in October 2005, as it is undisputed that the appellant's supervisor was not responsible for the cannon painting project, which was under the command of a separate National Park authority. ID at 14 n.1.

¶18 On review, the appellant alleges that the administrative judge's determination that her supervisor was not responsible for the cannon painting project "belies the facts." RPFR File, Tab 1 at 17. The appellant claims that,

although an official from a different park was responsible for overseeing the proper treatment of the cannons, her supervisor was "in charge," as she ordered the materials for the project, issued work assignments and schedules, and supervised the Everglades employees working on the project. *Id.* Even assuming arguendo that the appellant's disclosure implicated the appellant's supervisor to some extent, we find that the strong evidence in support of the agency's action outweighed any possible motive to retaliate on the part of the agency officials who were involved in terminating the appellant.

Evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

¶19    As to the third *Carr* factor, the administrative judge found that there was no evidence that the agency treated nonwhistleblowing employees differently than the appellant for similar conduct. B-3 RID at 14. He noted that the only evidence pertaining to the treatment of similarly situated nonwhistleblowing employees was the appellant's contention that her supervisor subjected a nonwhistleblowing coworker to the same kind of mistreatment that she allegedly received. *Id.* The administrative judge found that such evidence indicates that the appellant's supervisor's supervisory depredations were unrelated to the appellant's whistleblowing. *Id.*

¶20    The appellant challenges this finding on review, arguing that the supervisor's mistreatment of her nonwhistleblowing coworker does not reveal anything about her supervisor's motives; only that she was vindictive and highly likely to retaliate against those whom she supervised. RPFR File, Tab 1 at 21-22. The key issue in this appeal, however, is not whether the appellant's supervisor mistreated the appellant, but whether the alleged mistreatment occurred in retaliation for the appellant's whistleblowing activity. Assuming that the appellant's allegations that her supervisor mistreated both her and her nonwhistleblowing coworker are true, such mistreatment indicates that the supervisor treated her employees poorly regardless of whether they were

whistleblowers, i.e., that her purported mistreatment of the appellant was not based on her whistleblowing. Thus, we agree with the administrative judge's analysis of the third *Carr* factor.

¶21 In sum, although agency officials involved in the termination decision may have had some motive to retaliate against the appellant for her protected disclosure, the evidence in support of the decision to terminate her was strong and there is no evidence that the agency treated nonwhistleblowing employees differently for similar misconduct. Therefore, we agree with the administrative judge that the agency established by clear and convincing evidence that it would have terminated the appellant even in the absence of her February 6, 2006 disclosure. B-3 RID at 14. Accordingly, we affirm the remand initial decision denying the appellant's request for corrective action.[6]

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.